IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51038
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MARIO NARANJO-ARELLANO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CR-16-ALL-H
- - - - - - - - - -
September 1, 1998

Before KING, GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

Jesus Mario Naranjo-Arellano was convicted by a jury of illegally reentering the United States following deportation, a violation of 8 U.S.C. § 1326 (West 1970 & 1998 Supp.). Naranjo-Arellano appeals his conviction.

Naranjo-Arellano first contends that the district court abused its discretion by denying appointed counsel's motion to withdraw. We review the district court's decision to deny counsel's motion to withdraw for an abuse of discretion. United States v. Wild, 92 F.3d 304, 306 (5th Cir. 1996).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Sixth Amendment "does not guarantee an absolute right to the counsel of one's choice." United States v. Paternostro, 966 F.2d 907, 912 (5th Cir. 1992). "A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges," however, a defendant has no right to an attorney "who agrees with the defendant's personal view of the prevailing law" and "who will docilely do as he is told." United States v. Moore, 706 F.2d 538, 540 (5th Cir. 1983). The record demonstrates no abuse of discretion in the district court's decision to deny Naranjo-Arellano's second appointed attorney's motion to withdraw.

Naranjo-Arellano next contends that his attorney provided ineffective assistance because counsel did not challenge the fundamental fairness of the deportation hearing; file timely discovery motions; raise Naranjo's "challenged mental status" as a defense; object, as violative of due process, to the district court's alleged "mocking interrogation" of Naranjo; and reurge the motion to withdraw. The present record is insufficiently developed to allow a fair evaluation of the merits of the above-mentioned ineffective assistance of counsel claims. See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). Accordingly, we decline to review Naranjo-Arellano's Sixth Amendment claims of ineffective assistance of counsel on direct appeal. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).

Naranjo-Arellano contends that the district court interrogated him in a manner which prevented him from informing

the court of the conflict with his attorney and from raising viable defenses. Naranjo-Arellano contends that the district court's treatment of him demonstrated a lack of impartiality and resulted in a denial of due process. Because Naranjo-Arellano raises this issue for the first time on direct appeal, our review is limited to plain error only. See United States v. Jackson, 50 F.3d 1335, 1340 n.6 (5th Cir. 1995) (issue which is not raised in district court is reviewed for plain error).

A federal judge need not act merely as a moderator of the proceedings. United States v. Moore, 598 F.2d 439, 442 (5th Cir. 1979). The district judge may comment on the evidence, clarify facts presented, maintain the pace of the parties, and interrupt the parties. Id. The record demonstrates that the district court acted with lenience and allowed Naranjo-Arellano, who was represented by counsel, the opportunity to state his position to the court on numerous occasions. Naranjo admits that none of the conversations of which he complains occurred in the presence of the jury. The district court's conduct had no effect on the jury's verdict. The district court showed no lack of impartiality, and Naranjo-Arellano has not shown prejudice. See United States v. Wallace, 32 F.3d 921, 928 (5th Cir. 1994) (improper comments do not entitle defendant to new trial unless the comments are substantial error and prejudicial to the case). To the extent that Naranjo-Arellano alleges that the district court prevented him from challenging the conviction that formed the basis for his prior deportation, he did not assert in the district court, and he has not asserted in this court, any basis

for a challenge to the constitutionality of those proceedings. Naranjo-Arellano has not shown error, much less plain error with respect to this contention.

Finally, Naranjo-Arellano contends that the district court denied him due process by refusing to consider his claims of selective and/or vindictive prosecution.  Naranjo-Arellano has not established a prima facie selective-prosecution claim because he has not shown that "he was singled-out for prosecution while others similarly situated who committed the same crime were not prosecuted," and he has not alleged that the government's discriminatory selection of him for prosecution was done in bad faith.  United States v. Sparks, 2 F.3d 574, 580 (5th Cir. 1993). Accordingly, Naranjo-Arellano was not entitled to a hearing.  See United States v. Cooks, 52 F.3d 101, 105 & n. 24 (5th Cir. 1995)(no abuse of discretion in denying hearing absent prima facie case of selective prosecution).

Naranjo-Arellano's allegation that the prosecutor acted to punish him for the exercise of his right to free speech by bringing more severe charges based on the same course of conduct is not supported by the record.  See United States v. Ward, 757 F.2d 616, 619 (5th Cir. 1985).  The indictment was filed before Naranjo-Arellano voiced his contentions.  The district court allowed Naranjo-Arellano to present his contentions to the court and to the jury.  Naranjo-Arellano has not shown a violation of due process.

Accordingly, Naranjo-Arellano's conviction and sentence are AFFIRMED.